**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 573**

v.

**SMITH et al.**

2003-Ohio-7364.]

Trumbull County Court of Ohio,
Eastern District, Brookfield.

No. 03–CVF–010.

Decided Oct. 27, 2003.

78

Green, Haines & Sgambati, Patrick P. Cunning and Dennis Haines, for plaintiff.

James A. O'Brien, for defendants.

RONALD J. RICE, Judge.

{¶ 1} This matter came before the court for a trial on the merits on all claims of the plaintiff against the defendants. Case No. 03–CVF–10 was consolidated into this action, with the consent of all parties, since all the claims involved the same parties, facts, and issues. Both parties were present in open court, and extensive written evidence and oral testimony were presented.

{¶ 2} The defendants submitted a separate trial brief. The plaintiff relied upon the law cited in its memorandum as set forth in its motion to strike, which was heard by the court prior to trial.

{¶ 3} Based upon the evidence presented, the credibility of the witnesses, and the arguments of law as filed by the parties, the court makes the following findings of facts and conclusions of law:

{¶ 4} That both defendants, Jerrod Smith and Greg D. Jennings, are members of the International Brotherhood Electrical Workers Local Union 712, hereinafter referred to as Local 712, located in Mercer County, Pennsylvania. Both defendants are residential wireman who work primarily for Penn–Ohio Electrical Contractors, Inc., hereinafter referred to as "Penn–Ohio," located in Masury, Ohio. When the defendants work in Trumbull County, Ohio, they are bounded by the rules and regulations of their sister organization, the plaintiff, International Brotherhood of Electrical Workers Local Union 573, hereinafter referred to as "Local 573."

{¶ 5} There is no dispute that when the defendants work in Trumbull County, Ohio, they are bound by the rules and regulations of Local 573. There is also no dispute that the defendants may not perform commercial electrical work. On or about Tuesday, August 13, 2002, a member of Local 573 saw both defendants at the Mr. D's grocery store located in Brookfield, Trumbull County, Ohio. Both defendants were on or near a boom truck owned by their employer Penn–Ohio. Thereafter, a member of Local 573 filed charges against both defendants for violation of the constitution of Local 573. The substance of the charges is that both defendants were performing commercial work when they are certified to do only residential work, which is in violation of the union constitution and the various rules and regulations of Local 573.

{¶ 6} The plaintiff, Local 573, notified and provided due process to the defendants according to the constitution and regulations of Local 573. The defendants did not attend or contest the charges at the hearing scheduled before the trial board of Local 573. The defendants are contesting the amount of the fined levied against them for their violations. Each defendant was fined $1,000 or $500 for each violation they were charged with and found guilty of violating. This matter is before the court for review of the reasonableness of the fines levied against the defendants.

■ {¶ 7} Under the United States Supreme Court case of *Natl. Labor Relations Bd. v. Allis–Chalmers Mfg. Co.* (1967), 388 U.S. 175, 87 S.Ct. 2001, 18 L.Ed.2d 1123; the Ohio Supreme Court case of *Local Lodge 1297, Internatl. Assn. of Machinists & Aerospace Workers v. Allen* (1986), 22 Ohio St.3d 228, 22 OBR 407, 490 N.E.2d 865; and the Ohio Eleventh District Court of Appeals case

of *Local Union 673, Bhd. of Electrical Workers v. Markell* (1989), 64 Ohio App.3d 217, 580 N.E.2d 1150, it is clear that the role of this court is limited only to review and determine whether the fines levied against the defendants are reasonable. The court has no jurisdiction to revisit the underlying basis for the charges or to judge due process of the union constitution or Local 573.

{¶ 8} It is well established under Ohio law that a fine levied by a union against one of its members is a binding contractual obligation that is a debt that can be sued upon as the collection on any other type of debt. *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Gromnicki* (2000), 139 Ohio App.3d 641, 745 N.E.2d 449; and *Internatl. Bhd. of Electrical Workers, Local Union No. 986 v. Smith* (1992), 76 Ohio App.3d 652, 602 N.E.2d 782.

{¶ 9} The plaintiff agreed with the defendants that the court has the right to review whether there is evidence that the fines imposed upon the defendants were arbitrary or unreasonable. There was a lot of argument as to what evidence is proper in determining whether the fines were unreasonable. There also was much debate as to how far of an inquiry can be made by the court to determine what is "reasonable" as to the fines. It is almost impossible to make a factual determination of what constitutes unreasonableness of the fines without looking at the methods for calculation, conduct for the charges, harm to the union and/or the members, and other relevant criteria. This court therefore permitted some considerable leeway to the defendants in presenting their defense over the objections of the plaintiff. It is impossible for the court to make a factual determination of what is "reasonable" as to the fines levied by the plaintiff without some inquiry into, and review of the evidence, of the following: (1) the methods and formulas used for calculation; (2) the member's conduct for which the fine was imposed; (3) income of the member; (4) amount of fine; (5) resulting harm or damage to the union which the member benefited or profited; and (6) the current economic conditions. Evidence of all six of the above factors was permitted in this trial.

{¶ 10} The defendants did not participate at the hearings on the charges filed against them. The defendants stated that they believed that they would not be treated fairly. The court finds this argument without merit. Both defendants were previously accused of violating the union rules on commercial work and were given a verbal warning without formal charges or fines imposed. They both were clearly on a commercial truck doing some kind of work. The testimony of the defendants that they were working without compensation by their employer in not credible.

{¶ 11} The facts argued by the defendants could have made a persuasive argument before the union board if they were true. The court finds it hard to

believe that the union would have imposed fines had the owner of Penn–Ohio testified before the board that both defendants were merely doing him a favor without compensation. Penn–Ohio did in fact pay a fine as a direct result of these charges. No representative from Penn–Ohio testified in this proceeding. To argue those facts now in support of a finding of unreasonableness is not credible.

{¶ 12} The defendants belong to a legal union and entered into legally binding contracts. The fact that they do not like the contracts they entered into or that they are a bad deal for them now is without merit. The terms of the union agreements are clear and unambiguous. Both defendants chose not to exercise the rights afforded to them pursuant to the agreements.

{¶ 13} The argument that the fine of $500 for each violation of the union agreements is excessive is not supported by any credible evidence. Virtually all defendants who appear before any court in this state can argue that the fines imposed upon them are unreasonable. The amount of the fines is not unreasonable, since the purpose of the fines is to deter future violations by the defendants of the contracts they are bounded by.

### JUDGMENT ENTRY

{¶ 14} Judgment for the plaintiff against the defendant Jerrod Smith for $1,000 plus costs and interest at the rate of ten percent from October 20, 2003.

{¶ 15} Judgment for the plaintiff against defendant Greg D. Jennings for $1,000 plus costs and interest at the rate of ten percent from October 20, 2003.

{¶ 16} The clerk of court is to forward a copy of this entry to both counsel of record.

Judgment for plaintiff.